400006317

JUL 9 2026 PM3:05
FILED-USDC-NDTX-FW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GABRIEL ROBERSON, | § | |
| Plaintiff, | § | Cause No.: |
| v. | § | 4-26CV-840-P |
| ALLEVIATE FINANCIAL SOLUTIONS LLC, a California Limited Company | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

Plaintiff Gabriel Roberson brings this Complaint against ALLEVIATE FINANCIAL SOLUTIONS LLC to stop their illegal practice of placing, through its telemarketers, unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code ("TBCC").

### NATURE OF THE ACTION

1. Defendant Alleviate Financial Solutions LLC is a debt relief company. As part of its marketing, Defendant placed thousands of unsolicited phone calls that played an artificial or prerecorded voice message to solicit new business.

2. Defendant did not prior obtain express written consent and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. By placing phone calls that play artificial or prerecorded voice messages, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

6. A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. Tex. Bus. & Com. Code § 302.101(a).

7. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

8. A telephone solicitor may not make a consumer telephone call to a consumer unless the telephone solicitor, immediately after making contact with the consumer to whom the call is made, identifies himself or herself by name, the business on whose behalf the telephone solicitor is calling, and the purpose of the call. TBCC § 301.051(b)(A-C).

9. Plaintiff therefore seeks an injunction requiring Defendant to stop its illegal phone calls, as well as award actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

### PARTIES

10. Plaintiff Gabriel Roberson (hereinafter "Plaintiff") is an individual residing in or near Tarrant County, Texas and was present for all causes of action complained of herein within

Grand Prairie, Texas

11. Alleviate Financial Solutions, LLC ("Alleviate") is a limited liability company organized and existing under the laws of California and can be served via its registered agent, Corporation Service Company dba CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

12. Non-named party John Doe ("Doe") is an unknown telemarketing company authorized by Defendant Alleviate to make solicitation phone calls on behalf of Alleviate.

**JURISDICTION AND VENUE**

13. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

14. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331 and has pendant jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367.

15. This Court has specific personal jurisdiction over the Defendants Alleviate upon information and belief, authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents, purposefully directed calls to Texas area code phone numbers, and have otherwise availed themselves to the State of Texas.

16. Venue of this suit lies in the Northern District of Texas, Fort Worth Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Northern District of Texas, as more specifically alleged below. Venue further lies in the Northern District of Texas, Fort Worth Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim alleged herein occurred within the Northern District of Texas.

**FACTUAL ALLEGATIONS**

17. Plaintiff registered his personal cell phone with the Do Not Call registry on 05/13/2013.

18. Plaintiff did not ask the Do Not Call administrator to remove his cell phone number from the Do Not Call registry.

19. Plaintiff was on the Do Not Call registry at all times relevant to the complaint.

20. On August 14, 2025, Plaintiff received a ringless voicemail that displayed 531-900-6832 on Plaintiff's caller ID. Plaintiff was instructed to call 855-361-1256 to apply for a loan.

21. On August 29, 2025, Plaintiff received a ringless voicemail that displayed 224-215-8576 on Plaintiff's caller ID. Plaintiff was instructed to call 888-636-3309 for loan pre-approval.

22. Through information and belief, Plaintiff believes the phone calls were prerecorded because the voice was impersonal and robotic in nature, and instructed Plaintiff to call a number to opt out.

23. Each of the phone calls began with "Hi, this is Amber from Lincoln Comparison."

24. Each of the phone calls stated, "I'm here from 7 am to 6 pm Pacific, and if I'm tied up, my team can help you. If you're no longer interested, you can opt out by calling back the number on your caller ID".

25. Each of the phone calls was placed by Doe at the instruction and direction of Defendant.

26. On October 9, 2025, Plaintiff called 888-636-3309 for the sole purpose of investigating who was behind the phone calls and was connected to a representative of the Defendant. Plaintiff was solicited for debt relief services.

27. The representative asked Plaintiff various questions about his debts, and soft-pulled Plaintiff's credit report in order to qualify for the services.

28. Once qualified for the debt services, Plaintiff was emailed a contract via DocuSign from Alleviate Financial while still on the phone call with the telemarketer.

29. The contract stated the name of the company as Alleviate Financial Solutions LLC and not

30. Defendant committed a deceptive trade practice when it intentionally stated its name as Lincoln

31. On October 16, 2025, Plaintiff called 224-215-8576, and it was a non-working number.

32. On October 16, 2025, Plaintiff called 531-900-6832, and it was a non-working number.

33. Defendant intentionally deceived Plaintiff by using non-working telephone numbers.

34. On October 18, 2025, Plaintiff checked the Texas Secretary of State website and did not find and did not find a valid Texas telephone solicitation registration for Defendant.

35. Defendant made each of the phone calls alleged herein without a valid Texas Telephone Registration.

36. Plaintiff's cell phone is a residential phone. Plaintiff does not use his cell phone for any business purposes.

37. Defendant's prerecorded messages caused Plaintiff aggravation, stress, and caused Plaintiff's cell phone battery to run down.

## DEFENDANT IS A SELLER UNDER TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302

38. Texas Business and Commerce Code Chapter 302 does not require the seller to have an agency relationship with the salesperson in order to impose liability upon the seller for calls made by the salesperson.

39. The clear language of the statute states, "a person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation". Tex. Bus. Com. Code § 302.302.

40. "Telephone call" has the meaning assigned by Section 304.002(10)(A-C).

41. "Telephone solicitation" means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item. Tex. Bus. Com. Code § 302.001(7).

42. "**Salesperson**" means a person who is **employed** or **authorized** by a seller to make a telephone solicitation. Tex. Bus. Com. Code § 302.001(4) (bold emphasis added).

43. "Seller" means a person who makes a telephone solicitation on the person's own behalf. Tex. Bus. Com. Code § 302.001(5).

44. To the extent that Defendant may argue that Doe made the phone calls, the question concerning liability under Texas Business and Commerce Code § 302.101 is not whether Defendant had control over, or an agency relationship with Doe, but rather, whether Doe was authorized to solicit Defendant's debt reduction services.

45. The clear language of the statute places liability on the seller for phone calls made by salespersons who are employed or authorized by the seller to make telephone solicitations.

46. It would be implausible for Defendant to argue that the salesperson, Doe, who called Plaintiff, was not authorized to sell Defendant's debt reduction services.

47. Doe called Plaintiff and solicited Plaintiff for debt reduction services offered by Defendant. Defendant accepted, processed, and approved Doe's applications, and Plaintiff was emailed the approved contracts.

48. Doe was clearly authorized to solicit Defendant's debt reduction services as evidenced by the fact Defendant approved the application and would have paid Doe a commission had Plaintiff accepted the approved offers.

49. Defendant would have rejected the application had Doe not been Defendant's authorized salesperson.

## VICARIOUS LIABILITY OF DEFENDANT UNDER THE TCPA

50. Doe acted as a marketer and sales agent for Defendant by soliciting potential customers for Defendant's debt reduction services.

51. Doe acted as Defendant's agent in soliciting potential customers for Defendant's debt reduction services.

52. The solicitation messages described herein were sent for the purpose of acquiring customers for Defendant and inducing recipients, including Plaintiff, to hire Defendant.

53. Defendant wrote, or at least approved, the telemarketing sales script used by Doe.

54. Defendant maintained interim control over Doe by determining how many, and under what circumstances, it would accept referrals from Doe.

55. Defendant authorized Doe to solicit potential customers through telemarketing that utilized pre-recorded message solicitations on Defendant's behalf.

56. Defendant provided Doe with access to a portal and application system through which Doe submitted applications for customers it solicited for Defendant's debt reduction services.

57. Defendant knowingly accepted applications generated through Doe's solicitation efforts, including Plaintiff's application.

58. Defendant informed Doe of the states in which Defendant would accept customers and conduct business.

59. Defendant further provided Doe with qualification requirements and funding criteria for prospective customers, including minimum credit requirements, minimum monthly revenue requirements, available funding amounts, repayment terms, and other lending qualifications.

60. Defendant authorized Doe to use this information to solicit and screen potential customers for Defendant's debt reduction services.

61. Doe used the information, criteria, and application systems provided by Defendant to solicit Plaintiff and other potential customers on Defendant's behalf.

62. Defendant encouraged Doe's solicitation activities because those activities generated customer applications and potential revenue for Defendant.

63. Defendant did not passively receive customer referrals from Doe. Rather, Defendant actively participated in and facilitated the customer acquisition process by authorizing Doe to solicit prospective customers and submit applications directly into Defendant's funding system.

64. Defendant knew Doe was acquiring potential customers through telemarketing solicitations sent on Defendant's behalf and knowingly accepted the benefits of those solicitation activities.

65. Despite knowing Doe was soliciting Texas residents on its behalf, Defendant failed to ensure compliance with Texas telephone solicitation laws and continued accepting the benefits of Doe's solicitation activities.

66. Accordingly, Defendant is vicariously liable for the solicitation messages sent by Doe to Plaintiff.

**CAUSES OF ACTION**

**COUNT ONE:**

**(Non-Emergency Prerecorded Call to Cellular Telephones, 47 U.S.C. 227(b)(1)(A)**

67. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-66.

68. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone numbers without her prior express written consent.

69. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C § 227(b)(3)(B) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

70. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA; Plaintiff requests that the court treble the damages amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

71. Pursuant to 47 U.S.C § 227(b)(3)(A), Plaintiff also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

**COUNT TWO:**

**Violation of the TCPA "Sales Call/DNC" Prohibition 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(C))**

72. Plaintiff realleges paragraphs one through seventy-one (71) and incorporates them herein as if set forth herein in full.

73. Defendants called Plaintiff's private residential number, which was successfully registered on the National Do Not Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

74. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

75. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

76. As a result of the Defendants' violations of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks $500.00 in statutory damages, or $1500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

77. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing calls to cellular telephone numbers without the prior express written consent of the called party.

**COUNT THREE:**

**Violations of Texas Business and Commerce Code 305.053, Pursuant to 47 U.S.C § 227(b)**

78. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-77.

79. Defendant placed artificial voice phone calls to Plaintiff's cellular phone in violation of 47 U.S.C. § 227(b)(1)(A).

80. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

81. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

82. If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation or three times the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(c)(1-2).

83. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

**COUNT FOUR:**

**Violations of Texas Business and Commerce Code 305.053, Pursuant to 47 U.S.C § 227(c)**

84. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-83.

85. Defendant placed more than one solicitation phone call to Plaintiff within a twelve-month period while Plaintiff was registered on the National Do Not Call Registry in violation of 47 U.S.C. § 227(c) and C.F.R. § 64. 1200(c))

86. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this

section. Tex. Bus. & Com. Code § 305.053(a)(2).

87. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

88. If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation or three times the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(c)(1-2).

89. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

## COUNT FIVE:
## Violations of Texas Business and Commerce Code 302.101, Failure to Register for Telephone Solicitation in Texas

90. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-89.

91. Defendant placed two (2) solicitation phone calls to Plaintiff without holding a valid Texas telephone solicitation registration.

92. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code 302.302(a).

93. Plaintiff is entitled to an award of all reasonable costs of prosecuting the action including court costs, investigation costs, deposition expenses, witness fees, and attorney fees. Texas Business and Commerce Code 302.302(d).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendant from engaging in the unlawful conduct set forth herein;

D. An award of $1,500 per call in statutory damages arising from the TCPA 47 U.S.C. 227(b) intentional violations for two (2) calls;

E. An award of $1,500 per call in statutory damages arising from the TCPA 47 U.S.C. 227(c) intentional violations for two (2) calls

F. An award of $1,500 per call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 305.053/227(b) for two (2) calls;

G. An award of $1,500 per call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 305.053/227(c) for two (2) calls

H. An award of $5,000 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 302.101 for two (2) calls.

I. An award to Plaintiff of damages, as allowed by law under the Telephone Consumer Protection Act;

J. An award to Plaintiff of damages, as allowed by law under the Texas Business and Commerce Code;

K. An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

L. Such further relief as the Court deems necessary, just, and proper

July 6, 2026,

Respectfully submitted,

______________________

Gabriel Roberson
Plaintiff, Pro Se
2844 Ironwood Drive
Grand Prairie, TX 79927
817-209-4854
gabrieltroberson@gmail.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

4-26CV-840-P

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GABRIEL ROBERSON, PRO SE

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
2844 Ironwood Drive, Grand Prairie, TX 75052, 817-209-4854

## DEFENDANTS

ALLEVIATE FINANCIAL SOLUTIONS, LLC, a California Limited Liability Company

County of Residence of First Listed Defendant: Orange County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

JUL 9 2026 PM3:05
RECEIVED-USDC-NDTX-FW

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [x] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227

Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 22,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: Jul 6, 2026

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.